## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

HOWARD JACKSON,                      )
                                     )
             Petitioner,             )
v.                                   )          Civil Action No. 1:21-00122
                                     )
FCI MCDOWELL WARDEN,                 )
                                     )
             Respondent.             )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition should be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 2:10-cr-20435:**

On October 27, 2010, following a two-day jury trial, Petitioner was convicted in the Eastern District of Michigan of one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Jackson, Case No. 2:10-cr-20435 (E.D.Mich. Feb. 16, 2011), Document No. 26. On February 16, 2021, the District

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court sentenced Petitioner as an armed career criminal to a term of imprisonment of 180 months, to be followed by a three-year term of supervised release. Id., Document No. 30. The District Court further imposed a $100 special assessment. Id.

On February 20, 2011, Petitioner filed a Notice of Appeal. Id., Document No. 33. As grounds for appeal, Petitioner argued the following: (1) The District Court erred in failing to invoke the abstention doctrine in enforcing criminal laws related to firearm possession; (2) Section 924(e) is unconstitutionally vague because of the definition of "serious drug offense;" and (3) The District Court improperly imposed a special condition of supervised release regarding participation in a substance abuse program. Id., Document No. 46. By Per Curiam Opinion entered on August 1, 2012, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Id. On March 18, 2013, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Id., Document No. 49.

**B.    First Section 2255 Motion:**

On March 21, 2014, Petitioner filed in the Eastern District of Michigan a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 55. As grounds for relief, Petitioner argued as follows: (1) He was denied effective assistance of counsel; and (2) Citing Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and Descamps v. United States, 570 U.S. 2276, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), Petitioner argued his prior convictions were improperly used to enhance his sentence. Id. The United States filed its Response in Opposition on May 27, 2014. Id., Document No. 60. On July 3, 2014, Petitioner filed his Reply. Id., Document No. 65. By Order entered on July 7, 2014, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 66. On July 24, 2014, Petitioner filed a Notice of Appeal. Id., Document No. 67. By Order entered on January 23,

2015, the Sixth Circuit denied Petitioner's motion for certificate of appealability. Id., Document No. 69.

**C.      Motion for Authorization to File a Successive Section 2255 Motion:**

On June 14, 2016, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Sixth Circuit Court of Appeals. In re: Howard Jackson, Case No. 16-1807 (6th Cir. 2016), Document No. 1. In support, Petitioner argued that his sentence was invalid in light of Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). By Order entered on November 17, 2016, the Sixth Circuit Court of Appeals granted Petitioner's Motion, authorized the District Court to consider Petitioner's Section 2255 Motion, and transferred the matter to the District Court for further consideration. Id., Document No. 8.

**D.      Second Section 2255 Motion:**

On June 13, 2016, Petitioner filed in the Eastern District of Michigan his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Jackson, Case No. 2:10-cr-20435, Document No. 70. As grounds for relief, Petitioner challenged the validity of his sentence in light of Johnson. Id. Specifically, Petitioner argued that his sentence was improperly enhanced under Section 924(e)(2)(B)(ii) because his prior conviction for armed robbery no longer constitutes a crime of violence. Id. On June 20, 2016, the United States filed its Response. Id., Document No. 77. On August 3, 2016, Petitioner filed his Reply. Id., Document No. 78. By Opinion and Order entered on April 27, 2017, the District Court denied Petitioner's Section 2255 Motion finding that Petitioner's armed robbery conviction satisfies the requirements of Section 924(e)(2)(B)(i). Id., Document No. 80. Accordingly, the District Court concluded that "[t]he *Johnson* decision does nothing to change the applicability of the ACCA to Jackson's predicate offenses." Id.

**E.    Instant Section 2241 Petition:**

On February 18, 2021, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Civil Action No. 1:21-0122, Document Nos. 2 and 3.) In the instant case, Petitioner challenges the validity of his conviction under 18 U.S.C. §§ 922(g) based upon Rehaif. (Id.) Petitioner notes that in Rehaif, the "Supreme Court held that in order for the government to convict a defendant of a violation of 18 U.S.C. § 922(g) and 924(a)(2), the government must show not only that the defendant knows he possessed a firearm but also that he knew he had the relevant status when he possessed it." (Id.) Petitioner concludes that he can satisfy the savings clause. (Id.) Specifically, Petitioner states that he can satisfy the savings clause based on the following: (1) Petitioner states that at the time of conviction, "it was proper to charge and conviction under Section 922(g) and 924(a)(2) without having to prove the element that Petitioner knew he belonged to a relevant category of persons prohibited from possessing a firearm;" (2) Subsequent to his direct appeal and first Section 2255 Motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal;" and (3) Petitioner "cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law." (Id.) Accordingly, Petitioner requests that his Section 922(g) conviction be vacated and he be released from custody. (Id.)

By Order entered on March 31, 2021, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On April 30, 2021, Respondent filed a Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner challenges the validity, not execution, of his sentence, which cannot be raised in a

petition under 28 U.S.C. § 2241" (Id., pp. 4 – 5); and (2) "Petitioner is not entitled to use the savings clause of 28 U.S.C. § 2255" (Id., pp. 5 – 10). By Order and Notice also entered on March 31, 2021, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner, however, did not file a Reply.

On June 27, 2023, Respondent filed a "Motion for Leave to File Supplemental Authority." (Document No. 14.) Respondent notes that after briefing was completed, the United States Supreme Court decided Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023). (Id.) Respondent states that the foregoing decision is binding authority and directly applicable to the above matter. (Id.) As an Exhibit, Respondent attaches a copy of Jones v. Hendrix. (Document No. 14-1.) By Order entered on June 27, 2023, the undersigned granted Respondent's foregoing Motion, directed that Respondent's Supplemental Authority be docketed, and allowed Petitioner until July 28, 2013 to file a Reply addressing the application of the Supplemental Authority. (Document No. 15.) Petitioner, however, failed to file a Reply.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328,

333 (4th Cir. 2000), abrogated on other grounds by, Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by the Eastern District of Michigan. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is

6

clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Michigan. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[2]

---

[2]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255's "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e)("An application for a writ of habeas corpus in behalf of a petitioner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.")(emphasis added). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Over the years, a circuit split resulted from courts struggling with determining when Section

---

evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained

2255 was "inadequate or ineffective" such to permit a petitioner to proceed under the "savings clause." See Jones v. Hendrix, 8 F.4th 683, 686-87 (8th Cir. 2021)(noting the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241). Recently, the United States Supreme Court addressed the issue in Jones v. Hendrix holding that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023).

Prior to Jones v. Hendrix, the Fourth Circuit stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to

such authorization from the Sixth Circuit regarding the above *Rehaif* claim.

meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." <u>Id.</u> at 429. "The Supreme Court's recent decision in <u>Jones v. Hendrix</u> rejected the foundation of the Fourth Circuit's reasoning in interpreting the saving clause and abrogated the standards in <u>In re Jones</u> and <u>Wheeler</u>." <u>Barrie v. United States</u>, 2023 WL 5044977, * 3 (E.D.Va. Aug. 8, 2023); <u>also see</u> <u>Johnson v. Dunbar</u>, 2023 WL 5211052, * 3 (D.S.C. July 12, 2023)(finding that "*Jones v. Hendrix* abrogated the holdings *In re Jones* and *Wheeler*"), <u>report and recommendation adopted by</u>, 2023 WL 5207981 (D.S.C. Aug. 14, 2023). As stated above, the Supreme Court clarified in <u>Jones v. Hendrix</u> that "§2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." <u>Jones v. Hendrix</u>, 599 U.S. at ___, 143 S.Ct. at 1860. The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. <u>Id.</u>, 599 U.S. at ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.") The Supreme Court stated that the "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." <u>Id.</u>, 599 U.S. at ___, 143 S.Ct. at 1868. The Supreme Court further explained that when Congress enacted Section 2255, the savings clause covered "unusual circumstances" where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court.

The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. Additionally, the savings clause "might also apply when 'it is not practicable for a prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" Id., 599 U.S. at ___, 143 S.Ct. at 1866(citation omitted). Finally, the Supreme Court reiterated that the savings clause "does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." Id., 599 U.S. at ___, 143 S.Ct. at 1867(emphasis in original).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner's reliance upon Rehaif does not satisfy the criteria of the savings clause. The decision in Rehaif is a change in statutory interpretation, which does not permit a petitioner to satisfy the requirements of the savings clause. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1869; also see Barfield v. Streeval, 2023 WL 5318468 (4th Cir. Aug. 18, 2023)(affirming dismissal of a Section 2241 petition based on *Rehaif*); Covington v. Andrews, 20023 WL 4701179 (4th Cir. July 24, 2023)(same); Scott v. Holzapfel, 2023 WL 5356239 (S.D.W.Va. July 28, 2023)(Citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 petition wherein he challenged the validity of his Section 922(g) conviction based upon *Rehaif*). Petitioner acknowledges that he cannot satisfy the requirements under Section 2255(h) for obtaining authorization to file a successive Section 2255 Motion based on Rehaif. (Document Nos. 2 and 3.) As stated above, the fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1869("The

inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); also see Barfield, 2023 WL 5318468, at * 1(dismissing petitioner's Section 2241 petition challenging the validity of his conviction in light of the Supreme Court's *Jones v. Hendrix* decision). Additionally, Petitioner has failed to identify any "unusual circumstances" that would make it "impossible or impracticable" to seek relief from the sentencing court. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1868; also see Joseph v. Dunbar, 2023 WL 5093488 (6th Cir. Aug. 8, 2023)(stating that *Jones v. Hendrix* makes "clear that [a petitioner] cannot use § 2241 as 'an end-run around' § 2255(h)'s rules"); Walton v. Warden, 2023 WL 5011933 (2nd Cir. Aug. 7, 2023)(petitioner failed to "suggest that 'unusual circumstances' render it 'impossible or impracticable for [him] to seek relief from the sentencing court.'"); Davis v. Streeval, 2023 WL 4828506, * 2 (W.D.Va. July 27, 2023)("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255."). Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed without prejudice for lack of subject matter jurisdiction. See Clark v. Leu, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023)(citing Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022))(recognizing that dismissal of a Section 2241 petition for lack of subject matter jurisdiction must be a dismissal without prejudice).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Section 2241 Petition

(Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: September 1, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

13